

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 00-6506-CIV-ZLOCH
Magistrate Judge Seltzer

SUZANNE J. SCHULTZ,

    Plaintiff,

vs.

AUTONATION FINANCIAL
SERVICES CORP.,

    Defendant.

_____/



## DEFENDANT'S MEMORANDUM OF LAW
## IN SUPPORT OF ITS MOTION TO DISMISS

The Defendant, AUTONATION FINANCIAL SERVICES, CORP. (hereinafter referred to

as "AUTONATION" or "Defendant"), by and through its undersigned counsel, and pursuant to

Local Rule 7.1(c), hereby file its Memorandum in support of its Motion to Dismiss Plaintiff's

(hereinafter referred to as "SCHULTZ" or "Plaintiff") Complaint and states as follows:

## FACTUAL BACKGROUND

On or about August 9, 2000, Defendant was served with a Complaint in the above-referenced

action. The Complaint is a three-count Complaint against AutoNation alleging a claim for disability

discrimination under Title 42 U.S.C. 12101, et. seq., of the United States Code (the Americans with

Disabilities Act ("ADA")); a claim for Retaliation under the ADA; and a claim for Constructive

Discharge. Plaintiff's Complaint fails to state a claim upon which relief can be granted under Rule

12(b)(6) of the Federal Rules of Civil Procedure and applicable case law.

## LEGAL ARGUMENT

### I.    Introduction.

For purposes of a motion to dismiss, the material allegations of the complaint must be

accepted as true, giving the Plaintiff the benefit of the doubt as to all material allegations. Franklin

v. Meredith, 386 F.2d 958, 959 (10th Cir. 1967); see also Yektrakis v. Schering-Plough Corp., 804

F. Supp. 238 (D.N.M. 1992). However, the complaint should be dismissed if "it appears beyond

doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to

relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Further, the court is not bound to assume the

truth of legal conclusions simply because they are stated in the form of factual allegations. Reddy

v. Litton Indus., 912 F.2d 291, 293 (9th Cir. 1990). For the reasons discussed below, Plaintiff's

Complaint must be dismissed.

### II.    Failure to Establish a Claim Under the ADA.

Plaintiff alleges that AutoNation violated the ADA by discriminating against the Plaintiff

because of her alleged disability. See Plaintiff's Complaint at paragraph 1.  A review of the

Plaintiff's allegation demonstrates that Plaintiff has failed to properly allege the *prima facie* elements

of an ADA claim as required by law.

In order to allege a claim under the ADA, a plaintiff must allege that she has a disability,

as defined under the ADA: that she is a qualified individual; and that she was subjected to

Suzanne J. Schultz vs. AutoNation Financial Services Corp.
Case No.: 00-6506-CIV-ZLOCH

unlawful discrimination because of her disability. Quinley v. State Farm Insurance Corp., 1996

U.S. LEXIS 9500 (*citing.* Morisky v. Broward County, 80 F. 3d 445, 447 (11th Cir. 1996).

Failure to properly plead any of these fundamental elements subjects an ADA claim to dismissal.

Id. Under the ADA, an individual is considered to have a disability if he or she (1) has a physical

or mental impairment that substantially limits one or more of his or her major life activities; (2)

has a record of such impairment with the employer; or (3) is regarded as having such impairment

by his or her employer. Phyllis Ellison v. Software Spectrum, Inc., 85 F.3d 187 (5th Cir. 1996).

Plaintiff has not alleged in her Complaint that (1) her disability is a physical or mental impairment

that substantially limits one or more of her major life activities; (2) she had a record of such

impairment while employed by AutoNation; or (3) she was regarded as having such impairment

by AutoNation.

Plaintiff contends she had cancer while employed at AutoNation, and that her cancer was

a "disability" within the context of an ADA claim. While cancer is indisputably an impairment,

"a physical impairment standing alone is not a disability as contemplated by the ADA because the

statute requires, an impairment that substantially limits one or more of the major life activities."

Dutcher v. Ingalls Shipbuilding, 53F.3d 723, 726 (5th Cir. 1995). The plaintiff must adequately

allege that the disability is a "physical or mental impairment" that limits a "major life activity,"

to withstand a motion to dismiss . Atkins v. Dugan, 1999 U.S. Dist. Lexis 17656 (M.D. N.C.

1999); *see also* Ellison 85 F.3d 187, 190-91 (holding that where a plaintiff who worked a modified

3

Suzanne J. Schultz vs. AutoNation Financial Services Corp.
Case No.: 00-6506-CIV-ZLOCH

schedule during radiation treatment for breast cancer failed to establish that her cancer was a disability that substantially limited one or more of her life activities under the ADA).

Although the ADA does not define "substantially limits" and "major life activities," the regulations promulgated by the Equal Employment Opportunity Commission found in the Code of Federal Regulations ("CFR Guidelines") "provide significant guidance" for Courts to analyze a disability within the ADA's framework. Ellison, 85 F.3d 187; Dutcher, 53 F.3d 723, 726. The CFR Guidelines state that "major life activities" mean functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. 1630.2(i). In the instant cause, the only major life activity that the Plaintiff has alleged was affected by her impairment was her ability to work. The CFR Guidelines provide that when "work" is the major life activity, the following guidelines apply:

(i)     The term substantially limits means significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities. The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working.

(ii)    In addition to the factors listed in paragraph (i) of this section [quoted above], the following factors may be considered in determining whether an individual is substantially limited in the major life activity of "working":

(a)     The geographical area to which the individual has reasonable access;

(b)     The job from which the individual has been disqualified because of an impairment, and the number and types of jobs utilizing similar training, knowledge, skills or abilities within that geographical area from which the individual is also disqualified because of the impairment (class of jobs); and/or

Suzanne J. Schultz vs. AutoNation Financial Services Corp.
Case No.: 00-6506-CIV-ZLOCH

> (c)   The job from which the individual has been disqualified because of an
> impairment, and the number and types of other jobs not utilizing similar
> training, knowledge, skills or abilities within that geographical area from
> which the individual is also disqualified because of the impairment.  29
> C.F.R. 1630.2(j)(3).

A review of Plaintiff's Complaint clearly establishes that she did not have a "disability" as defined
by the CFR Guidelines and enforced by the ADA.

Plaintiff admits in her Complaint that her cancer <u>did not</u> substantially limit her major life
activity of "working." Indeed, Plaintiff alleges that her absences due to her cancer treatments "did
not adversely affect her department . . .," and that "<u>she performed all essential functions of her
job.</u>" <u>See</u> Plaintiff's Complaint at paragraph 7. Moreover, Plaintiff has not alleged that she was
significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in
various classes as compared to the average person having comparable training, skills and abilities.
<u>See</u> Plaintiff's Complaint at paragraphs 6-10. In fact, Plaintiff alleges that she could have
performed the duties of a "on-line" auto sales employee with her alleged disability of cancer. <u>See</u>
Plaintiff's Complaint at paragraph 11. Simply put, Plaintiff does not contend that her cancer
restricted her in any way from performing all essential job functions associated with her work.
Thus, taking Plaintiff's allegations as true, as this Court must, demonstrates that Plaintiff cannot
state a claim under the ADA since she has not alleged a "disability" within the rubric of the ADA.
<u>See Equal Employment Opportunity Commission and Mary Boyle v. Gallagher Company</u>, 181
F.3d 645 (5th Cir. 1999).

Doc#: 225578 Ver#:1 991005.0001                                    5

00-cv-06506-WJZ Document 9 Entered on FLSD Docket 08/30/2000 Page

Suzanne J. Schultz vs. AutoNation Financial Services Corp.
Case No.: 00-6506-CIV-ZLOCH

The next question this Court must review is whether the facts asserted in the Plaintiff's

Complaint properly allege "a record of impairment." Under the ADA and CFR Guidelines, a

"record of impairment" means the plaintiff must have a history of, or has been misclassified as

having, a mental or physical impairment that substantially limits one or major life activities. 29

C.F.R. 1630.2 (k). Plaintiff's only reference to a past record of her impairment is a conclusory

allegation that she took a leave of absence in December 1997 due to a recurrence of cancer. See

Plaintiff's Complaint at paragraph 6. This simply is not enough under the ADA. Plaintiff does

not allege: for how long she was on leave; what the effect was on her employment; or if she took

an unpaid disability leave. See Pritchard v. Southern Co. Svcs., 92 F.3d 1130 (11th Cir. 1996).

Without such facts, Plaintiff's Complaint fails to establish any sort of "record of impairment"

under the ADA.

The last question for the Court is whether the facts asserted in Plaintiff's Complaint allege

that AutoNation "regarded" or "treated" the Plaintiff as having such an impairment under the

ADA. Atkins v. Dugan, 1999 U.S. Dist. Lexis 17656. This analysis focuses on the reactions and

perceptions of the relevant decision makers working with the Plaintiff. Id. Case law is clear that

an employer does not necessarily regard an employee as having a substantially limiting

impairment simply because it believes the employee is incapable of performing a particular job.

Rather, "the statutory reference to a substantial limitation indicates instead that an employer

regards an employee as [substantially limited] in his or her ability to work by finding the

Doc#: 225578 Ver#:1 991005 0001

6

employee's impairment to foreclose generally the type of employment involved." See Ellison 85
F.3d 187,191(*citing* Forrisi v. Bowen, 794 F.2d 931, 935 (4th Cir. 1986)).

In the instant case, Plaintiff alleges that (1) upon taking her position as a credit support
administrator with AutoNation, Plaintiff advised her supervisors that she required a single day
per month for treatment. She alleges that she performed all essential functions of her job, and her
absence did not adversely affect her department. Thereafter, she alleges that AutoNation
improperly disciplined her and, subsequently, terminated her due to her attendance problem. See
Plaintiff's Complaint at paragraphs 6-10. Taking all of these allegations as true, no allegation
exists that AutoNation treated Plaintiff as disabled or regarded her as disabled in any context,
much less as provided under the ADA. If anything, AutoNation disciplined the Plaintiff for
missing work, not for Plaintiff's failure to perform her job or fulfill her responsibilities while she
was at work. Accordingly, taking all of Plaintiff's allegations as true, it is clear that Plaintiff has
not properly alleged that AutoNation "regarded" the Plaintiff as "disabled" under the ADA.

For all of the foregoing reasons, Plaintiff has not properly alleged that she is "disabled"
under the ADA, and Count I of her Complaint should be dismissed.

### III.   Failure to State a Claim For Retaliation.

To state a *prima facie* case of Retaliation under the ADA, a plaintiff must allege that (1)she
engaged in a statutorily protected expression; (2) she suffered an adverse employment action; and
(3) there is a causal link between the protected expression and the adverse action. Roth v.
Lutheran General Hosp., 57 F.3d 1446, 1459 (7th Cir. 1995). When such allegations are

7

Suzanne J. Schultz vs. AutoNation Financial Services Corp.
Case No.: 00-6506-CIV-ZLOCH

conclusory in nature, however, said claim must be dismissed. Johnson v. Johnson, 1999 U.S. App.
LEXIS 32731 (2ⁿᵈ Cir. 1999); Atkinson v. Bohn 91 F.3d 1127 (8ᵗʰ Cir. 1996).

In the instant case, Plaintiff alleges that she suffered adverse employment action by being
excluded from departmental meetings, being subsequently disciplined without cause and passed
over for positions for which she was qualified. These allegations are wholly conclusory in that
they fail to explicitly identify which employees disciplined her and the times and dates of meetings
which she was allegedly excluded from by her supervisors. See Plaintiff's Complaint at paragraph
18. More importantly is the fact that Plaintiff failed to allege that there were any material adverse
changes in the terms and conditions of employment such as termination of employment; a
demotion evidenced by a decrease in wage or salary; a less distinguished title; a material loss of
benefits; and/or significantly diminished material responsibilities. Without such allegations, the
Complaint is fatally flawed and fails to state a claim upon which this court can grant relief.
Johnson v. Johnson, 1999 U.S. App. LEXIS 32731 (2ⁿᵈ Cir. 1999); Atkinson v. Bohn 91 F.3d 1127
(8ᵗʰ Cir. 1996).

Therefore, in light of the foregoing, Plaintiff's Retaliation claim in Count II should be
dismissed.

## IV.   Plaintiff's Claim For Compensatory and Punitive Damages Under Plaintiff's Retaliation Claim Must Be Dismissed.

Plaintiff requests compensatory and punitive damages in her prayer for relief under Count
II. See Plaintiff Complaint at paragraph 20 (m) and (n). Under the applicable law, however,
Plaintiff cannot make a claim for such damages under the ADA. There is no legal basis under the

Doc#: 225578 Ver#:1 991005-0001                 8

Suzanne J. Schultz vs. AutoNation Financial Services Corp.
Case No.: 00-6506-CIV-ZLOCH

ADA to support a claim for compensatory and punitive damages in retaliation claims under the

Act. William A. Brown v. City Of Lee's Summit, Missouri, 1999 U.S. Dist. LEXIS 17671.

(W.D.M. 1999). Indeed, as is pointed out in William A. Brown, a careful reading of the various

interrelated statutes under the ADA and Title VII reveals no basis for a claim for compensatory

and punitive damages in a ADA retaliation claim. Accordingly, Plaintiff's claims for the same

must be dismissed, with prejudice.

## V.    Failure to State a Claim For Constructive Discharge.

Constructive discharge occurs when the employer deliberately sets out to make the

employee quit by making working conditions "so difficult or unpleasant that a reasonable person

in the employee's shoes would have felt compelled to resign." Chertkova v. Connecticut General

Life Insurance Co., 92 F.3d 81, 89 (2nd Cir. 1996).  To state a cause of action, however, Plaintiff

must state how AutoNation made her working conditions so intolerable that she was forced to

resign.  See, Stephen A. Spetalieri v. Michael Kavanaugh, et. al., 36 F.Supp. 2d 92 (N.D. N.Y.

1998); Kirsch v. Fleet Street, Ltd., 148 F.3d 149 (2d Cir. 1998). Conclusory allegations of a

constructive discharge are patently insufficient to withstand a motion to dismiss.

In the Plaintiff's Complaint she alleges that she was forced to resign her employment with

AutoNation because the company allegedly excluded her from meetings; disciplined her without

cause; and failed to consider her for positions within the company.  Accordingly, Plaintiff

contends that these issues made the "working conditions intolerable."  See Plaintiff's Complaint

at paragraph 22. These allegations are obviously conclusory and cannot serve as a foundation for

Doc#. 225578 Ver#:1 991005-0001                                9

Suzanne J. Schultz vs. AutoNation Financial Services Corp.
Case No.: 00-6506-CIV-ZLOCH

a constructive discharge claim. Plaintiff fails to identify which employees disciplined her; when she was disciplined; how she was disciplined her; and for what positions with the company she was not considered for by her supervisors.[1]  See Ann Buckley and Lawrence Buckley v. Liz McBain et al. 1997 U.S. App. Lexis 12286 (2nd Cir. 1997). These missing factual allegations are critical in assessing whether Plaintiff can sustain a cause of action. Without such allegations, the Complaint is fatally flawed and fails to state a claim upon which this court can grant relief. Accordingly, Plaintiff's Constructive Discharge claim should be dismissed against the Defendant.

## CONCLUSION

For the reasons stated above, this Court should dismiss Counts I, II and III of Plaintiff's Complaint against AutoNation.

Additionally, AutoNation has retained the law firm of Tripp Scott, P.A., to represent it in this action and is obligated to pay its attorneys reasonable attorneys' fees and costs in defense of this claim. In the event AutoNation prevails in this matter, AutoNation hereby notifies this Court and the Plaintiff that it shall be seeking to recoup its reasonable attorneys' fees and costs against Plaintiff pursuant to the ADA.

---

[1]  Admittedly, in Paragraph 11 of Plaintiff's Complaint, she contends she was not considered for an "on-line" sales associate position.  (It is, however, entirely unclear whether Plaintiff applied for any such position).  However, in Count III, Plaintiff makes a reference to "positions" she was not considered for by AutoNation. Since Plaintiff has used the plural in this context, it is incumbent upon her, as the Plaintiff, to precisely detail the circumstances surrounding the "intolerable working conditions" at AutoNation.

Suzanne J. Schultz vs. AutoNation Financial Services Corp.
Case No.: 00-6506-CIV-ZLOCH

WHEREFORE, Defendant respectfully requests that this Court enter an Order dismissing

Plaintiff's Complaint and for such other and further relief as this Court deems just or proper.

Respectfully submitted,

PAUL Ø. LOPEZ, ESQ.
Fla. Bar No. 983314
TRIPP SCOTT, P.A.
Attorneys for Defendant, AutoNation
110 S.E. Sixth Street, 15th Floor
Fort Lauderdale, Florida 33301
Telephone: (954) 525-2350
Facsimile: (954) 761-8475

Suzanne J. Schultz vs. AutoNation Financial Services Corp.
Case No.: 00-6506-CIV-ZLOCH

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by U.S.

Mail to: **SUZANNE J. SCHULTZ**, 2216 Cypress Bend Drive North. Apartment 104, Pompano

Beach, FL 33069, Plaintiff; this ___ day of August, 2000.

PAUL O. LOPEZ, ESQ.