**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**
Fort Lauderdale Division

Case No. 00-6506-CIV-ZLOCH
Magistrate Judge Seltzer

SUZANNE J. SCHULTZ,

    Plaintiff,

vs.

AUTONATION FINANCIAL
SERVICES CORP.,

    Defendant.
_____/

**NIGHT BOX
FILED**

DEC 1 4 2000

CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS
## MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

The Defendant, AUTONATION FINANCIAL SERVICES, CORP. (hereinafter referred to as "AutoNation" or "Defendant"), by and through its undersigned counsel, and pursuant to Local Rule 7.1(c), hereby file its Memorandum in support of its Motion to Dismiss Plaintiff's (hereinafter referred to as "Schultz" or "Plaintiff") First Amended Complaint and states as follows:

### FACTUAL BACKGROUND

On or about November 17, 2000, Defendant was served with the First Amended Complaint, consisting of two (2) counts, in the above-referenced action. Count I of the Plaintiff's First Amended Complaint attempts to allege a claim for either disability discrimination under Title 42 U.S.C. 12101, et. seq., of the United States Code (the Americans with Disabilities Act ("ADA")); or a claim for Retaliation under the ADA. Count II of the Plaintiff's First Amended Complaint improperly

Doc# 334235 Ver# 1 991005/0001



identified as Count III, attempts to state a claim for Constructive Discharge. However, the Plaintiff's First Amended Complaint suffers from certain procedural and substantive defects which mandates a dismissal. Count I of the Plaintiff's First Amended Complaint fails to contain a short statement of the facts which places AutoNation on notice of the claim from which the Plaintiff is seeking relief. Rather, Count I appears to contain two (2) independent causes of action. In addition, neither count contained in the Plaintiff's First Amended Complaint states a demand for relief. As such the Plaintiff's First Amended Complaint violates of Rule 8 of the Federal Rules of Civil Procedure. Furthermore, the Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure and applicable case law.

## LEGAL ARGUMENT

### I. Introduction.

For purposes of a motion to dismiss, the material allegations of the complaint must be accepted as true, giving the Plaintiff the benefit of the doubt as to all material allegations. Franklin v. Meredith, 386 F.2d 958, 959 (10th Cir. 1967); see also. Yektrakis v. Schering-Plough Corp., 804 F. Supp. 238 (D.N.M. 1992). However, the complaint should be dismissed if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Further, the court is not bound to assume the truth of legal conclusions simply because they are stated in the form of factual allegations. Reddy v. Litton Indus., 912 F.2d 291, 293 (9th Cir. 1990). For the reasons discussed below, Plaintiff's First Amended Complaint must be dismissed.

0-cv-06506-WJZ   Document 23   Entered on FLSD Docket 12/15/2000   Pag

Suzanne J. Schultz vs. AutoNation Financial Services Corp.
Case No.: 00-6506-CIV-ZLOCH

## II.  Violation of Rule 8 of the Federal Rules of Civil Procedure

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint must contain a short and plain recitation of the facts, the jurisdictional basis for the plaintiff's claim and a demand for relief. The purpose of the Rule is to give the Defendant fair notice of what the Plaintiff's claim is and the grounds upon which it rests. Conley at 46. In the case at bar, the Plaintiff fails to provide AutoNation with fair notice of what claim the Plaintiff is alleging under Count I. Count I contains incoherent allegations which state a claim for Disability Discrimination in violation of the ADA *and* a claim for Retaliation in violation of the ADA. As such the Plaintiff fails to allege two (2) separate and independent claims for relief. Additionally, neither count contained in the First Amended Complaint contains a demand for relief. Rule 8(a)(3) of the Federal Rules of Civil Procedure specifically provides that a cause of action must contain a demand for relief. At most the Plaintiff requests the relief set forth above in paragraphs A through F. See Plaintiff's First Amended Complaint at pages 5-6. However, the Plaintiff's First Amended Complaint is absent any paragraphs entitled A through F. Accordingly, the Plaintiff's First Amended Complaint violates Rule 8 of the Federal Rules of Civil Procedure and should be dismissed accordingly.

## III.  Failure to Establish a Claim Under the ADA.

Count I of the Plaintiff's First Amended Complaint attempts to state a claim under the ADA alleging that AutoNation failed to accommodate the Plaintiff, an alleged disabled person. Specifically, the Plaintiff alleges that AutoNation discriminated against the Plaintiff because of her cancer, an alleged disability, which presumably was in violation of the ADA. See Plaintiff's

Doc# 234235 Ver# 1 991005 0001                                      3

Suzanne J. Schultz vs. AutoNation Financial Services Corp.
Case No.: 00-6506-CIV-ZLOCH

Complaint at paragraph 12. A review of the Plaintiff's allegation demonstrates that Plaintiff failed to correct the deficiencies in the original Complaint by failing to properly allege the *prima facie* elements of an ADA claim as required by law.

In order to allege a claim under the ADA, a plaintiff must allege that she has a disability, as defined under the ADA; that she is a qualified individual; and that she was subjected to unlawful discrimination because of her disability. Quinley v. State Farm Insurance Corp., 1996 U.S. LEXIS 9500 (*citing*, Morisky v. Broward County, 80 F. 3d 445, 447 (11th Cir. 1996)). Failure to properly plead any of these fundamental elements subjects an ADA claim to dismissal. Id. Under the ADA, an individual is considered to have a disability if he or she (1) has a physical or mental impairment that substantially limits one or more of his or her major life activities; (2) has a record of such impairment with the employer; or (3) is regarded as having such impairment by his or her employer. Phyllis Ellison v. Software Spectrum, Inc., 85 F.3d 187 (5th Cir. 1996). Plaintiff still has not alleged in the First Amended Complaint that (1) her disability is a physical or mental impairment that substantially limits one or more of her major life activities; (2) she had a record of such impairment while employed by AutoNation; or (3) she was regarded as having such impairment by AutoNation.

Plaintiff contends that she had cancer while employed at AutoNation. See Plaintiff's First Amended Complaint at paragraph 4. The Plaintiff further contends that AutoNation discriminated against her based upon her disability. See Plaintiff's First Amended Complaint at paragraph 12. However, this contention is merely conclusory and is not supported by any factual allegations.

Doc# 234235 Ver#.1 991005-0001

4

Suzanne J. Schultz vs. AutoNation Financial Services Corp.
Case No.: 00-6506-CIV-ZLOCH

While cancer is an impairment. "a physical impairment standing alone is not a disability as contemplated by the ADA because the statute requires, an impairment that substantially limits one or more of the major life activities." Dutcher v. Ingalls Shipbuilding, 53F.3d 723, 726 (5th Cir. 1995). The plaintiff must adequately allege that the disability is a "physical or mental impairment" that limits a "major life activity," to withstand a motion to dismiss . Atkins v. Dugan, 1999 U.S. Dist. Lexis 17656 (M.D. N.C. 1999); *see also*, Ellison 85 F.3d 187, 190-91 (holding that where a plaintiff who worked a modified schedule during radiation treatment for breast cancer failed to establish that her cancer was a disability that substantially limited one or more of her life activities under the ADA).

Although the ADA does not define "substantially limits" and "major life activities," the regulations promulgated by the Equal Employment Opportunity Commission found in the Code of Federal Regulations ("CFR Guidelines") "provide significant guidance" for Courts to analyze a disability within the ADA's framework. Ellison, 85 F.3d 187; Dutcher, 53 F.3d 723, 726. The CFR Guidelines state that "major life activities" mean functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. 1630.2(i). In the instant cause, it appears that the only major life activity that the Plaintiff has alleged was affected by her impairment was her ability to work. The CFR Guidelines provide that when "work" is the major life activity, the following guidelines apply:

(i) The term substantially limits means significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities. The inability to

Doc#: 234235 Ver# 1 991005 0001

5

0-cv-06506-WJZ   Document 23   Entered on FLSD Docket 12/15/2000   Pag

Suzanne J. Schultz vs. AutoNation Financial Services Corp.
Case No.: 00-6506-CIV-ZLOCH

> perform a <u>single, particular job</u> does not constitute a substantial limitation in the major life activity of working.

(ii) In addition to the factors listed in paragraph (i) of this section [quoted above], the following factors may be considered in determining whether an individual is substantially limited in the major life activity of "working":

(a) The geographical area to which the individual has reasonable access;

(b) The job from which the individual has been disqualified because of an impairment, and the number and types of jobs utilizing similar training, knowledge, skills or abilities within that geographical area from which the individual is also disqualified because of the impairment (class of jobs); and/or

(c) The job from which the individual has been disqualified because of an impairment, and the number and types of other jobs not utilizing similar training, knowledge, skills or abilities within that geographical area from which the individual is also disqualified because of the impairment. 29 C.F.R. 1630.2(j)(3).

A review of Plaintiff's First Amended Complaint clearly establishes that she did not have a "disability" as defined by the CFR Guidelines and enforced by the ADA.

Plaintiff admits in her First Amended Complaint that her cancer <u>did not</u> substantially limit her major life activity of "working." Indeed, Plaintiff alleges that her absences due to her cancer treatments "did not adversely affect the work of her department . . .." and that "<u>she performed all essential functions of her job.</u>" See Plaintiff's First Amended Complaint at paragraph 7. Moreover, Plaintiff does not allege that she was significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities. See Plaintiff's First Amended Complaint at paragraphs 6-11. Simply put, Plaintiff does not contend that her cancer restricted her in any way

from performing all essential job functions associated with her work. Thus, taking Plaintiff's allegations as true, as this Court must, demonstrates that Plaintiff cannot state a claim under the ADA since she has not alleged a "disability" within the rubric of the ADA. Equal Employment Opportunity Commission and Mary Boyle v. Gallagher Company, 181 F.3d 645 (5th Cir. 1999).

The next question this Court must review is whether the facts asserted in the Plaintiff's Complaint properly allege "a record of impairment." Under the ADA and CFR Guidelines, a "record of impairment" means the plaintiff must have a history of, or has been misclassified as having, a mental or physical impairment that substantially limits one or major life activities. 29 C.F.R. 1630.2 (k). Plaintiff's only reference to a past record of her impairment is a conclusory allegation that she was placed on leave of absence by AutoNation in December 1997 due to a recurrence of cancer. See Plaintiff's First Amended Complaint at paragraph 4. This simply is not enough under the ADA. Plaintiff does not allege: for how long she was on leave; what the effect was on her employment; or if she took an unpaid disability leave. See Pritchard v. Southern Co. Svcs., 92 F.3d 1130 (11th Cir. 1996). Without such facts, Plaintiff's First Amended Complaint fails to establish any sort of "record of impairment" under the ADA.

The last question for the Court is whether the facts asserted in Plaintiff's First Amended Complaint allege that AutoNation "regarded" or "treated" the Plaintiff as having such an impairment under the ADA. Atkins v. Dugan, 1999 U.S. Dist. Lexis 17656. This analysis focuses on the reactions and perceptions of the relevant decision makers working with the Plaintiff. Id. Case law is clear that an employer does not necessarily regard an employee as having a

0-cv-06506-WJZ   Document 23   Entered on FLSD Docket 12/15/2000   Pag

Suzanne J. Schultz vs. AutoNation Financial Services Corp.
Case No.: 00-6506-CIV-ZLOCH

substantially limiting impairment simply because it believes the employee is incapable of performing a particular job. Rather, "the statutory reference to a substantial limitation indicates instead that an employer regards an employee as [substantially limited] in his or her ability to work by finding the employee's impairment to foreclose generally the type of employment involved." See Ellison 85 F.3d 187,191(*citing* Forrisi v. Bowen, 794 F.2d 931, 935 (4th Cir. 1986)).

In the instant case, Plaintiff alleges that upon taking her position as a credit support administrator with AutoNation, Plaintiff advised her supervisors that she required a single day per month for treatment. She alleges that she performed all essential functions of her job, and her absence did not adversely affect her department. Thereafter, she alleges that AutoNation improperly disciplined her and, subsequently, terminated her due to her attendance problem. See Plaintiff's First Amended Complaint at paragraphs 6-11. Taking all of these allegations as true, no allegation exists that AutoNation treated Plaintiff as disabled or regarded her as disabled in any context, much less as provided under the ADA. If anything, AutoNation disciplined the Plaintiff for missing work, not for Plaintiff's failure to perform her job or fulfill her responsibilities while she was at work. Accordingly, taking all of Plaintiff's allegations as true, it is clear that Plaintiff has not properly alleged that AutoNation "regarded" the Plaintiff as "disabled" under the ADA.

For all of the foregoing reasons, Plaintiff has not properly alleged that she is "disabled" under the ADA, and Count I of her First Amended Complaint should be dismissed.

Suzanne J. Schultz vs. AutoNation Financial Services Corp.
Case No.: 00-6506-CIV-ZLOCH

*Assuming arguendo* that the Plaintiff has established that she is disabled in the context of the ADA, the Plaintiff fails to demonstrate that she was discriminated against in violation of the ADA. The ADA imposes upon employers "the duty to provide reasonable accommodations for known disabilities unless doing so would result in undue hardship on the employer." Stewart v. Happy Herman's Cheshire Bridge, Inc., 117 F.3d 1278, 1285 (11th Cir. 1997) (*quoting*, Morisky v. Broward County, 80 F. 3d 445, 447 (11th Cir. 1996)). Under the ADA, such "reasonable accommodation" may include: job restructuring, part-time or modified work schedules; reassignment to a vacant position, acquisition or modification of equipment or devices, appropriate adjustment or modifications of examinations, training materials or policies, the provisions of qualified readers or interpreters, and other similar accommodations for individuals with disabilities. 42 U.S.C. § 12111(9)(B). However, a qualified individual with a disability is not entitled to an accommodation of their choice, but is only entitled to a reasonable accommodation. Lewis v. Zilog, Inc., 908 F. Supp. 931, 948 (N.D.Ga. 1995). Furthermore, the burden of identifying an accommodation that would permit a qualified individual to perform his or her job rests with that individual, as well as the burden of demonstrating that such accommodation is reasonable. Stewart at 1286; *citing*, Willis v. Conopco, 108 F. 3d 282, 283 (11th Cir 1997).

To sustain a claim for discrimination in violation of the ADA, the Plaintiff must demonstrate that she was disabled; that she was in need of an accommodation; that an accommodation was requested; that the accommodation was reasonable; and, that the accommodation was unreasonably denied. In the instant case, the only accommodation requested

0-cv-06506-WJZ   Document 23   Entered on FLSD Docket 12/15/2000   Page

Suzanne J. Schultz vs. AutoNation Financial Services Corp.
Case No.: 00-6506-CIV-ZLOCH

by the Plaintiff was to modify her work schedule by being permitted to take one day off per month for chemotherapy. The Plaintiff admits that AutoNation granted her accommodation and was entitled to maintain the accommodation even after she was subjected to verbal counseling and a corrective action plan. See Plaintiff's First Amended Complaint at paragraphs 6 and 11. Therefore, the Plaintiff has failed to allege that a request for a reasonable accommodation was unreasonably denied, thus she has failed to allege discrimination in violation of the ADA.

In addition, the Plaintiff alleges that prior to taking a leave of absence from AutoNation she was employed as a car sales guide. Plaintiff further alleges that she was assured "*a*" position at the company when she returned, and that upon her return she did, in fact, find and take a position as a credit support administrator. See Plaintiff's First Amended Complaint at paragraphs 4-6. Although the credit support administrator may not have been the position of her choice, the Plaintiff is merely entitled to the accommodation of being reassigned to a vacant position. Furthermore, the Plaintiff has failed to allege that upon her return from the leave of absence, a vacant position was available in the car sales guide department to which the Plaintiff could be reassigned and that said position was denied due to her alleged disability. Accordingly, the Plaintiff has failed to demonstrate that she was discriminated against in violation of the ADA.

*Assuming arguendo* that the Plaintiff is a qualified disabled individual, for all of the foregoing reasons, the Plaintiff has not properly alleged that she was discriminated against under the ADA, and Count I of her Complaint should be dismissed.

## IV. **Failure to State a Claim For Retaliation.**

In the alternative, if Count I of the Plaintiff's First Amended Complaint states a claim for Retaliation under the ADA, the Plaintiff fails to allege the *prima facie* elements of such claim. In order to state a claim of Retaliation under the ADA, a plaintiff must allege that (1)she engaged in a statutorily protected expression; (2) she suffered an adverse employment action; and (3) there is a causal link between the protected expression and the adverse action. Roth v. Lutheran General Hosp., 57 F.3d 1446, 1459 (7th Cir. 1995). When such allegations are conclusory in nature, however, said claim must be dismissed. Johnson v. Johnson, 1999 U.S. App. LEXIS 32731 (2nd Cir. 1999); Atkinson v. Bohn 91 F.3d 1127 (8th Cir. 1996).

In the instant case, Plaintiff alleges that after she complained to the director of personnel, she suffered adverse employment action by being excluded from departmental meetings and activities; by being subjected to disparate treatment, and by having her federally protected rights violated. Merely reporting the actions of her supervisors to the personnel director is not sufficient to raise the allegation that she was engaging in a protected activity. In addition, the allegations are wholly conclusory in that they fail to explicitly identify the times and dates of meetings which she was allegedly excluded from by her supervisors. See Plaintiff's First Amended Complaint at paragraph 18. Furthermore, the Plaintiff fails to identify what disparate treatment she suffered as a result of complaining to the personnel director; how she was subjected to disparate treatment; how such treatment was unfair; or how she was singled out from other employees. Additionally, the Plaintiff fails to allege that AutoNation did not have a legitimate reason for engaging in any

Suzanne J. Schultz vs. AutoNation Financial Services Corp.
Case No.: 00-6506-CIV-ZLOCH

of the actions allegedly taken by the AutoNation employees. More importantly is the fact that Plaintiff fails to allege that there were any <u>material</u> adverse changes in the terms and conditions of employment such as termination of employment; a demotion evidenced by a decrease in wage or salary; a less distinguished title; a material loss of benefits; and/or significantly diminished material responsibilities. Without such allegations, the First Amended Complaint is fatally flawed and fails to state a claim upon which this court can grant relief. Johnson v. Johnson, 1999 U.S. App. LEXIS 32731 (2nd Cir. 1999); Atkinson v. Bohn 91 F.3d 1127 (8th Cir. 1996).

Therefore, in light of the foregoing, Plaintiff's Retaliation claim in Count I should be dismissed.

## V. Plaintiff's Claim For Compensatory and Punitive Damages Under Plaintiff's Retaliation Claim Must Be Dismissed.

Assuming Count I of Plaintiff's First Amended Complaint states a claim for Retaliation, Plaintiff appears to requests compensatory and punitive damages. <u>See</u> Plaintiff's First Amended Complaint at paragraphs 13 and 14. Under the applicable law, however, Plaintiff cannot make a claim for such damages under the ADA. There is no legal basis under the ADA to support a claim for compensatory and punitive damages in retaliation claims under the Act. William A. Brown v. City Of Lee's Summit, Missouri, 1999 U.S. Dist. LEXIS 17671, (W.D.M. 1999). Indeed, as is pointed out in William A. Brown, a careful reading of the various interrelated statutes under the ADA and Title VII reveals no basis for a claim for compensatory and punitive damages in a ADA retaliation claim. Accordingly, Plaintiff's claims for the same must be dismissed, with prejudice.

Suzanne J. Schultz vs. AutoNation Financial Services Corp.
Case No.: 00-6506-CIV-ZLOCH

## VI.   Failure to State a Claim For Constructive Discharge.

Constructive discharge occurs when the employer deliberately sets out to make the employee quit by making working conditions "so difficult or unpleasant that a reasonable person in the employee's shoes would have felt compelled to resign." Chertkova v. Connecticut General Life Insurance Co., 92 F.3d 81, 89 (2nd Cir. 1996). A constructive discharge claim can be alleged through either direct or circumstantial evidence. Anthony v. City of Clinton, 1999 U.S. App. LEXIS 13229. "Direct evidence of discrimination is evidence of and existing policy which itself constitutes discrimination." Ramsey v. City & County of Denver, 907 F.2d 1004, 1008 (10th Cir. 1990), cert. den., 506 U.S. 907 (1992). Absent direct evidence, the Plaintiff must plead the *prima facie* elements of a constructive discharge claim. Accordingly, the Plaintiff must allege that she is disabled according to the ADA; that she is a qualified individual; and, that the employer (constructively) discharged her under circumstances giving rise to an inference that the termination was based upon her disability. Morgan v. Hilti, 108 F.3d 1319, 1323 (10th Cir. 1997). Conclusory allegations of a constructive discharge are patently insufficient to withstand a motion to dismiss.

The gravamen of Count III in the Plaintiff's First Amended Complaint is that she was constructively discharged based upon the allegations that she was: excluded from meetings; that she was subjected to disparate treatment; that her federally protected rights were violated; that she was subjected to verbal counseling; and, that a corrective action plan was place in her file. However, the Plaintiff fails to allege what meetings she was excluded from, what disparate

treatment she received, which federally protected rights were violated, and how she is qualified for protection under the unnamed federal rights. Furthermore, she fails to allege that AutoNation lacked legitimate reasons for engaging in verbal counseling or implementing a corrective action plan. Admittedly, these disciplinary measures may be unpleasant; however, the Plaintiff fails to allege that the Plaintiff was singled out and that AutoNation deliberately attempted to make her "working conditions intolerable." Accordingly, these allegations are obviously conclusory and cannot serve as a foundation for a constructive discharge claim. See Ann Buckley and Lawrence Buckley v. Liz McBain, et. al.,1997 U.S. App. Lexis 12286 (2nd Cir. 1997). These missing factual allegations are critical in assessing whether Plaintiff can sustain a cause of action. Without such allegations, the First Amended Complaint is fatally flawed and fails to state a claim upon which this court can grant relief. Accordingly, Count III of the Plaintiff's First Amended Complaint, for Constructive Discharge, should be dismissed against AutoNation.

## CONCLUSION

For the reasons stated above, this Court should dismiss Counts I, and III[1] of Plaintiff's Complaint against AutoNation.

Additionally, AutoNation has retained the law firm of Tripp Scott, P.A., to represent it in this action and is obligated to pay its attorneys reasonable attorneys' fees and costs in defense of this claim. In the event AutoNation prevails in this matter, AutoNation hereby notifies this Court

---

[1] Although the Plaintiff's First Amended Complaint, only contains two counts, the second count is improperly identified and entitled Count III.

Suzanne J. Schultz vs. AutoNation Financial Services Corp.
Case No.: 00-6506-CIV-ZLOCH

and the Plaintiff that it shall be seeking to recoup its reasonable attorneys' fees and costs against

Plaintiff pursuant to the ADA.

WHEREFORE, the Defendant, AutoNation, respectfully requests that this Court enter an

Order dismissing Plaintiff's First Amended Complaint and for such other and further relief as this

Court deems just or proper.

Respectfully submitted.

PAUL O. LOPEZ. ESQ.
Fla. Bar No. 983314
TRIPP SCOTT, P.A.
Attorneys for Defendant, AutoNation
110 S.E. Sixth Street, 15th Floor
Fort Lauderdale, Florida 33301
Telephone: (954) 525-2350
Facsimile: (954) 761-8475

Suzanne J. Schultz vs. AutoNation Financial Services Corp.
Case No.: 00-6506-CIV-ZLOCH

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by U.S.

Mail to: **LYNDA C. QUILLEN**, Counsel for Plaintiff, 22119 Boca Place Drive, Suite 325, Boca Raton, Florida 33433; this _____ day of December, 2000.

_____
PAUL O. LOPEZ, ESQ.